**SCHIFFMAN PUIG, P.C.**
ATTORNEYS AT LAW

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@splaw.net
Attorney for Petitioner

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lianne Fiske, | |
| Plaintiff, | Case No. : |
| vs. | **COMPLAINT** |
| The Prudential Insurance Company of America, a foreign insurer, U.S. Airways, Inc. Flight Attendant Long Term Disability Benefits Plan No. 507, n/k/a The American Airlines, Inc. Long Term Disability Plan No. 509, | |
| Defendants. | |

For her claim against Defendants, Lianne Fiske ("Fiske") alleges as follows:

## **PARTIES**

1. Fiske is a resident of Maricopa County, Arizona.

2. Defendant Prudential Insurance Company of America ("Prudential") is an insurance company with its principal place of business in New Jersey. Prudential is authorized to do business in Maricopa County, Arizona.

3. Defendant U.S. Airways, Inc. Flight Attendant Long Term Disability Benefits Plan ("US Airways Plan") was a purported ERISA benefit plan established and maintained by U.S. Airways, Inc. ("U.S. Airways") for the benefit of its flight attendants represented by

the Association of Flight Attendants.  The US Airways Plan offered long term disability ("LTD") benefits to certain flight attendants eligible to participate.

4. U.S. Airways was the Plan Sponsor and the Plan Administrator of the Plan.

5. U.S. Airways delegated the administration of claims arising under the Plan to Prudential.

6. On information and belief, U.S. Airways parent company, U.S. Airways Group, merged with AMR Corporation, the parent company for American Airlines in December 2013 and formed The American Airlines Group.

7. On information and belief, The American Airlines Group continued to operate flights under the U.S. Airways brand through November 2015.

8. On information and belief, the US Airways Plan continued to operate through December 2015.

9. On information and belief, the American Airlines, Inc., Long Term Disability Plan ("AA Plan") is the successor plan to the US Airways Plan.

10. On information and belief, American Airlines, Inc. is the successor Plan Administrator and Plan Sponsor for this Plan.

11. On information

12. On information and belief, The American Airlines Group assumed all liability for the benefit plans previously operated by U.S. Airways, including this Plan.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the Plan and Prudential have caused events to occur in Arizona out of which Fiske's claims arise.

14. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), and 28 U.S.C. § 1331 (federal question).

15. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974.

## FACTUAL BACKGROUND

16. Beginning in February 28, 2013, U.S. Airways provided certain flight attendants with LTD benefits through the Plan, which was funded from U.S. Airways general assets and participant contributions.

17. U.S. Airways retained Prudential to administer claims.

18. At all relevant times, Fiske was employed as a flight attendant with U.S. Airways, and is entitled to receive benefits under the Plan.

19. Fiske was diagnosed with multilevel degenerative disease, facet arthropathy, and spondylosis in 2013. Because of these disorders, Fiske suffers from extreme pain which requires that she take narcotic analgesics.

20. Fiske also suffers from depression, generalized anxiety, and cognitive limitations due to her pain and use of prescribed narcotics.

21. Fiske qualified for LTD benefits under the Plan in 2014.

22. The terms of the Plan state that U.S. Airways will pay LTD benefits for 24 months if an illness or injury prevents Fiske from performing the duties of a flight attendant. After 24 months, benefits cease unless Fiske is receiving Social Security Disability Income Benefits.

23. Fiske is entitled to $1,604 a month in LTD benefits under the Plan.

24. Fiske is awaiting an administrative law judge hearing on her Social Security Disability Benefits; however, she is at least eligible for 24 months of benefits under the terms of the Plan.

25. Fiske has performed all obligations required of her under the Plan, and the Plan was effective and in force at all relevant times.

26. Fiske applied for LTD benefits in May 2014 because she was unable to perform the duties of a flight attendant and had not worked since January 3, 2014.

27. Under the terms of the Plan, Fiske should have begun receiving benefits after the 120-day waiting period, i.e., on May 3, 2014.

28. On June 12, 2014, Prudential denied Fiske's claim under the Plan's disability test. Prudential's basis for denial was that the physical exam findings and testing conducted were not consistent with the extent of Fiske's limitations.

29. Fiske submitted her first appeal of Prudential's claim denial on August 20, 2014, as permitted under the terms of the Plan.

30. On October 20, 2014, Prudential denied Fiske's first appeal, stating that the medical information did not support her impairment.

31. Fiske submitted her second appeal of Prudential's decision on April 20, 2015, as permitted under the terms of the Plan.

32. Prudential issued a final denial of Fiske's second appeal on August 27, 2015.

33. Fiske continues to be totally disabled as defined by the Plan.

34. Fiske has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

35. Fiske is due benefits for a minimum of 24 months, from May 2014 through April 2016.

## COUNT I
## RECOVERY OF INSURANCE AND PLAN BENEFITS

36. Fiske incorporates and re-alleges all previous allegations.

37. Fiske's benefits are defined by the information contained in the Plan.

38. Fiske became disabled in 2014, she continues to be disabled, and is unable to perform the duties of her occupation as a flight attendant.

39. Despite the coverage of Fiske's disability under the Plan and the Policy, Prudential has improperly denied LTD benefits to Fiske in breach of the Plan and the Policy. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

40. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Fiske is entitled to recover

all benefits due under the terms of the Plan, and to enforce her rights under its terms. Pursuant to 29 U.S.C. § 1132(g), Fiske is entitled to recover her attorneys' fees and costs incurred herein from Prudential.

41. Fiske is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled under A.R.S. § 20-462.

WHEREFORE, Fiske prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due to Fiske under the terms of the Plan;

B. Enforcing Fiske's rights under the terms of the Plan;

C. Clarifying and determining Fiske's rights to future benefits under the terms of the Plan;

D. For an award of Fiske's attorneys' fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such other and further relief as the Court deems just and reasonable.

Dated: August 29, 2016.

SCHIFFMAN PUIG, P.C

By: /s  Lisa J. Counters
    Lisa Counters